Common Pleas Court of Hamilton County.

JOSEPHINE SANDKER v. ROBERT N. WAID, DIRECTOR OF HIGHWAYS, ET AL.

Decided November 12, 1929.

*Simeon M. Johnson,* for plaintiff.

*Gilbert Bettman,* Atty. Gen'l., and *J. H. Godown,* Special Asst. to Atty. Gen'l., for defendant.

MORROW, J.

Defendant desires to build a new road improvement and invokes Sections 1201, 1201-1 and 1202, General Code of Ohio, to obtain the right of way. Plaintiff's land is sought to be appropriated by defendant Director of Highways, who finds the same "necessary for the public convenience and welfare * * * for highway purposes."

Two questions are raised by plaintiff. First, she claims the statutes above named are unconstitutional, and second, she claims that, (assuming said statutes to be constitutional) the proceedings under the law do not conform thereto as thus far carried out by the defendant.

As to the first question raised our duty is set forth by Judge McIlvaine in *Reckner* v. *Warner*, 22 O. S., 294.

"The presumption being that the Legislature did not intend to contravene the constitution, it becomes our duty to so construe the statute as to give it effect, and at the same time preserve the constitution from invasion, if such construction can reasonably be made."

If the plaintiff's property is taken and her right to a jury to assess compensation has been denied by the statutes in question, they violate the constitution of the state and the act of taking is illegal. It is patent that the statutes in question are intended as a short cut to appropriation of property for highway purposes. Briefly they provide that the defendant can determine what highway improvements are necessary, and what property is necessary to be appropriated for such improvements. They then allow defendant to fix compensation to be paid the owner of the property sought to be appropriated, and further provide that said money be tendered in the Probate Court, which court shall notify the owner that the money is there, and said notice shall contain an accurate description of the property, and be served as a civil summons by the sheriff. The owner, if dissatisfied with the amount tendered may obtain a jury trial after the following has transpired: (a) The giving of notice by himself in writing within ten days of the service upon himself, said notice being directed to the Probate Court, and setting forth his intention to appeal from the amount of compensation fixed and offered by the defendant.

(b)   The filing of a bond by himself in an amount fixed by the Probate Court within five days, and conditioned to pay all costs made on appeal if appellant fails to sustain such appeal, or his case is dismissed.

The jurisdiction of the court and jury is not ousted, and as we view it, the intendment of the statutes is as follows:

The director may say to the property holder, "I need your property for a public necessary highway improvement, and here is the value of the same in money deposited in the Probate Court.  If you are satisfied, take the money, if not, execute a cost bond and let a jury decide whether I need your property for highway purposes and how much I must pay."

That being in substance our view of the meaning of these statutes, we find no notice of proceedings of the defendant with reference to the highway improvement necessary to be served on the plaintiff prior to the notice provided by the statutes, and served herein pursuant to the statutes.

We also find that the exercise of the statutory authority of the defendants to determine the necessity of highway improvement is an administrative and not a judicial act, as also is his exercise of statutory authority to determine the necessity of the appropriation of plaintiff's property, and the amount of the offer he makes to the plaintiff through the Probate Court.

Plaintiff says, however that "a statute which imposes the duty of a property holder of giving a bond before his case can be heard by a jury is unconstitutional."

The syllabus 1, *Reckner* v. *Warner*, 22 O. S., 275 is to the contrary, to our mind, and we are unable to see any substantial difference between the provision of the law then in question and the instant statutes as to bond.  We say this in view of the language in the opinion on page 291 and 292, wherein the court adverts to the burdens on the right to a jury trial in connection with the appeals of civil cases from justices' courts.  Therefore, to quote Judge McIlvaine again and as to trial by jury, we are unable to hold "that the moderate and reasonable restriction imposed upon the enjoyment of the right by

the statute is an impairment of the right itself within the meaning of the statute."

We are now arrived at the trial, which it is provided is to be had in the Probate Court. The statute provides: "The jury shall also determine in their verdict whether the property sought to be taken is necessary for the public convenience and welfare, if the findings of the director in that respect is appealed from."

When the jury so finds, it passes of necessity upon two things. First, the necessity of the entire improvement, and second, the necessity of the use of plaintiff's property in accomplishing the construction of the entire improvement. We say, therefore that "the two issues are not entirely distinct," but the former is bound up in the latter.

Plaintiff contends further that the language of the statute does not expressly provide for these contingencies: no explicit authority is given by statute to the court whereby the appropriation proceeding might be dismissed by the court, in the event the jury found the property sought to be condemned was not necessary for public convenience and welfare, and at the same time returned a verdict for compensation and damages.

The courts have inherent power to set aside or disregard inconsistent and repugnant verdicts. Such a situation as above outlined is analogous to that wherein a jury returns a verdict wholly inconsistent with its answer to an interrogatory. In fact, the portion of the statute quoted is in substance a direction to submit an interrogatory to the jury. In connection with the duty of the court to set aside or disregard a verdict inconsistent with the answer or answers to an interrogatory, see *Davis* v. *Turner*, 69 O. S., 101; *Wacker* v. *Niemeyer*, 22 Circuit Court, 712; *Moscowitz* v. *Auerbach*, 8 Nisi Prius, 331.

We must confess the statute is not as explicit as it might be, but we are constrained, while recognizing a colorable claim of uncertainty, "to give it a sensible effect and make it of binding force." See *Beverstock* v. *Board of Education*, 75 O. S., 144 at 149.

We hold therefore, as to the above contention, that clearly the time worn rules of trial by jury make it incumbent upon the court to grant a new trial or

render judgment for appellant, should a situation arise as set forth by the plaintiff; and the statute does not fail because no specific direction is set forth therein to cover the designated unlikely contingency.

Plaintiff argues on pages 13, 14 and 15 of his first brief that the only judgment the court may render is in favor of appellant for the amount of the verdict under the terms of the statute; that the power of the Probate Court to render a judgment is strictly limited by the terms of any appropriation statute, and the court is without authority to render a judgment upon the issues, if made, as to the necessity of the improvement; that the property sought to be appropriated is necessary for the public convenience and welfare, and that the use sought to be made of this property is a public one. The plaintiff states that because the statutes in question do not specifically allow the embodying of such statements in a judgment on the verdict, that the plaintiff here is without any redress in the Probate Court, and that his rights can only be preserved in this independent proceeding in a court of equity. We submit there is no more necessity of the court embodying the jury finding as to the necessity of the proposed improvement in the judgment entry than there is in a court embodying special findings of a jury in a judgment entry. In either event, (whether special findings or answers to interrogatories) the same are a part of the record of the case and need not be incorporated in the judgment. The judgment of the court on the verdict need contain only the ultimate decision. The jury's findings as to the necessity in the instant proceedings is determinative but not ultimate. The provision under the old law cited by plaintiff on page 15 of his first brief as to the findings of the court for or against the improvement based on the verdict of the jury seems to have been properly omitted from the instant law. For a court to "make a finding based on the verdict of a jury for or against an improvement" might be said to vest the court with power to pass on facts in derogation of the right of the litigant to a trial by jury. We say this for the reason that such language seems to contemplate and authorize a revision and restatement of facts embodied in the jury's verdict by the court.

We submit therefore that the statute is not unconstitutional; that the plaintiff's right to trial by jury is preserved, and that the proceedings of the trial by jury as provided by the statute are regular and in conformity with the constitution.

Plaintiff says, however, that (granting the statutes are constitutional) they have not been followed properly thus far in this matter for the following reasons:

(a) In the defendant director of highways written finding the wrong statute is mentioned as authority for his action. Defendant mentions Section 1202, whereas plaintiff contends Section 1201 is the correct statute, if any, which vests the defendant with authority to determine the necessity of the improvement, the taking of plaintiff's property and tender of money for the same. At all events, Section 1202 relates to the director's powers, as will be seen from Section 20 quoted by plaintiff on page 5 of his first brief. Finally, if a clerical error did occur, we would not regard it as fatal or prejudicial to plaintiff's rights.

(b) Plaintiff claims that the finding is not specific as to the purpose of the improvement; that it does not indicate a highway improvement is meant; that it does not state specifically what is the necessity for highway purposes, and what is the particular necessity for the appropriation of plaintiff's property.

Without setting forth *in extenso* the provisions of the finding, we have read the same carefully, and think that it complies with the statute, and that the above criticisms are not well taken.

Viewed from its four corners the finding is sufficiently detailed and accurate.

(c) We think the word "value" in the statute and the word "compensation" as used by the director in his findings mean the same thing.

In conclusion while the statute is not as comprehensive and accurate as possibly it might have been, its meaning can be ascertained, and it is the court's duty so to ascertain. This we have attempted to do, and find there has been no contravention of the State Constitution, nor has there been any failure to follow its terms in the proceedings as thus far accomplished by the defendant.